# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUSTY S. GLEASON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1129** (BOR Appeal No. 2048151)
(Claim No. 2011007442)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rusty S. Gleason, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 7, 2013, in which the Board reversed a February 4, 2013, Order of the Workers' Compensation Office of Judges insofar as it granted authorization for Nucynta and an office visit to discuss a spinal cord stimulator. In its Order, the Office of Judges reversed the claims administrator's January 20, 2012, decision and authorized the medications Neurontin, Zanaflex, and Nucynta as well as an office visit to discuss implementation of a spinal cord stimulator. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gleason worked on the assembly line for Huntington Alloys Corporation. On August 4, 2010, Mr. Gleason experienced an onset of pain and stiffness in his lower back. Several weeks later, he was treated by Evelyn Webb, RN, who diagnosed him with a lumbar sprain. Paul Bachwitt, M.D., evaluated Mr. Gleason and determined that he had normal sensation in his lower back. Following this evaluation, the claims administrator held the claim compensable for a

1

lumbar sprain. A microdiscectomy, which the claims administrator authorized, was then performed on Mr. Gleason's L5-S1 disc. Marsha Bailey, M.D., evaluated Mr. Gleason and found that he had received six weeks of physical therapy following his surgery but still complained of pain radiating into his legs. Dr. Bailey recommended that he be referred for pain management treatment including lumbar epidural steroid injections. However, she specifically stated that Mr. Gleason should not receive a spinal cord stimulator because it was an ineffective method of pain management. Dr. Bailey found that once Mr. Gleason received epidural steroid injections he would have reached his maximum degree of medical improvement. Mr. Gleason then came under the care of David L. Caraway, M.D., who found that the injections Mr. Gleason received did not relieve his pain. Dr. Caraway prescribed Neurontin, Zanaflex, and Nucynta. Dr. Caraway specifically stated that Nucynta was the most effective pain management medication he generally prescribed. Dr. Caraway also requested authorization for an office visit to discuss inserting a spinal cord stimulator.

On January 20, 2012, the claims administrator denied authorization for the medications Neurontin, Zanaflex, and Nucynta as well as the office visit. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Gleason. He found that Mr. Gleason continued to complain of pain in his low back, hips, and legs. Dr. Mukkamala found that Mr. Gleason had reached his maximum degree of medical improvement and recommended that authorization for a spinal cord stimulator be denied because Mr. Gleason's reported symptoms were significantly out of proportion with any noted injury. Dr. Mukkamala recommended denying authorization for Neurontin and Zanaflex because he found no evidence of radiculopathy or muscle spasms. Dr. Mukkamala recommended that authorization for Nucynta be denied because it was a narcotic pain medication. On February 4, 2013, the Office of Judges reversed the claims administrator's decision and granted authorization for Neurontin, Zanaflex, and Nucynta as well as the office visit to discuss a spinal cord stimulator. The Board of Review reversed the Order of the Office of Judges on October 7, 2013, insofar as it granted authorization for the medication Nucynta and an office visit related to a spinal cord stimulator. The Board of Review affirmed the Order of the Office of Judges insofar as it granted authorization for the medications Neurontin and Zanaflex. Mr. Gleason has appealed the decision of the Board of Review insofar as it denied authorization for Nucynta and the office visit to discuss a spinal cord stimulator.

The Office of Judges concluded that the prescriptions Nucynta, Neurontin, and Zanaflex as well as the office visit with Dr. Caraway to discuss inserting a spinal cord stimulator were medically related and reasonably required to treat Mr. Gleason's compensable injury. In reaching this determination, the Office of Judges relied on the treatment notes of Dr. Caraway because his report was more consistent with Mr. Gleason's position. The Office of Judges also relied on Dr. Caraway's opinion because he was Mr. Gleason's treating physician.

In reversing the Office of Judges' Order, the Board of Review concluded that it was clearly wrong insofar as it authorized the medication Nucynta and the office visit to discuss inserting a spinal cord stimulator. The Board of Review determined that Dr. Caraway's treatment notes did not provide sufficient support to justify authorizing Nucynta or a spinal cord stimulator. The Board of Review relied on the opinions of Dr. Bailey and Dr. Mukkamala, who both found that the spinal cord stimulator was not required to treat Mr. Gleason's condition. The

Board of Review also found that Nucynta was a schedule II narcotic and Dr. Caraway's request fell outside the time limits for prescribing the medication under West Virginia Code of State Rules § 85-20-53.14 (2006). The Board of Review agreed with the Office of Judges regarding its authorization of Neurontin and Zanaflex, and it affirmed the Office of Judges' Order regarding those medications.

We agree with the conclusions of the Board of Review. Mr. Gleason has not demonstrated that the medication Nucynta and an office visit with Dr. Caraway to discuss inserting a spinal cord stimulator is medically related and reasonably required to treat his compensable injury. The evidence in the record shows that Nucynta is a schedule II controlled substance. Mr. Gleason's current request falls well outside the two-week time limit recommended under West Virginia Code of State Rules § 85-20-53.14(a) for prescribing this type of medication. The evidence in the record does not indicate that this is an extraordinary case in which Nucynta should be authorized beyond this time limit. The evidence in the record also does not support authorizing an office visit to discuss a spinal cord stimulator. The only evidence supporting Mr. Gleason's request is Dr. Caraway's treatment notes. Dr. Caraway, however, does not demonstrate that Mr. Gleason's ongoing symptoms are related to his compensable injury. He also does not demonstrate that the spinal cord stimulator will be a more effective method of pain management than the treatments already authorized by the claims administrator. Mr. Gleason's request is further weakened by the opinions of Dr. Bailey and Dr. Mukkamala. Dr. Caraway's treatment notes do not provide sufficient support for the requested office visit in light of Dr. Bailey's and Dr. Mukkamala's criticism of spinal cord stimulator treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:  December 2, 2014**


**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II